IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERALD MARSHALL and PATRICIA MARSHALL, ) ) ) Plaintiffs, ) ) v. ) ) ) ) STATE FARM FIRE AND CASUALTY ) COMPANY, a foreign for-profit insurance ) corporation, ) ) Defendant. ) | Case No. CIV-24-00780-JD (Consolidated with CIV-24-00781-JD) |

## **ORDER**

Before the Court is Defendant State Farm Fire and Casualty Company's Partial Motion to Dismiss ("Motion") [Doc. Nos. *6, 8].[1] Plaintiffs filed a Response ("Response") in opposition [Doc. No. 14], and Defendant filed a Reply ("Reply") [Doc. No. 17]. Plaintiffs' Response includes a request that the Court certify a question to the Oklahoma Supreme Court. [Doc. No. 14 at 6–7]. As discussed below, the Court grants Defendant's Motion and denies Plaintiffs' request to certify a question to the Oklahoma Supreme Court.

---

[1] Asterisks denote documents available for viewing on the docket for Case No. CIV-24-781, which was consolidated with this earlier-filed action. [*See* Doc. No. 7].

I.  **BACKGROUND**[2]

On June 7, 2024, Plaintiffs, initially proceeding pro se, initiated this case in state court in the District Court of Caddo County, asserting claims for breach of the duty of good faith and fair dealing and breach of contract.[3] [Doc. No. *1-1]. Defendant removed the case to this Court based upon diversity jurisdiction. [*See* Doc. No. *1]. The Court consolidated this case with another case filed by Plaintiffs, based upon damage to their property occurring on July 7, 2023. [Doc. No. 7 at 1].

Plaintiffs' claims arise from their homeowners' insurance policy ("the Policy") with Defendant, which covered their home and other structures. [Doc. No. *1-1 ¶¶ 8–10]. On or around June 8, 2022, a wind/hail-storm damaged Plaintiffs' property. [*Id.* ¶ 9]. Plaintiffs state the Policy covers damages sustained to their property due to wind and hail. [*Id.* ¶ 12]. Plaintiffs assert that Defendant breached the Policy because its "investigation, evaluation, handling and payment/denial of Plaintiffs' claim were unreasonable." [*Id.* ¶ 15]. Plaintiffs further assert Defendant breached the Policy "by failing to conduct a reasonable investigation of Plaintiffs' claim, by evaluating the results of its investigation unreasonably and by unreasonably failing to issue full and adequate payment for the covered damages to Plaintiffs' property." [*Id.*].

---

[2] The Court recounts the facts based on the well-pled allegations in Plaintiffs' Complaint and construes them in the light most favorable to Plaintiffs. *See Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 n.1 (10th Cir. 2023).

[3] Although Plaintiffs initiated this action pro se, Plaintiffs are now represented by counsel. [*See* Doc. Nos. 11–13].

Defendant moves to dismiss Plaintiffs' breach of contract claim as barred by the limitations period contained in the Policy, which requires lawsuits against Defendant to be filed "within one year after the date of loss or damage." [Doc. No. *6 at 2].

In their Response, Plaintiffs assert the Court cannot enforce the Policy's limitations period because it conflicts with the Oklahoma Unfair Claims Settlement Practices Act, which requires "[a]ny policy that specifies a time limit covering damage to a roof due to wind or hail must allow the filing of claims after the first anniversary but no later than twenty-four (24) months after the date of the loss, if the damage is not evident without inspection." [Doc. No. 14 at 4–5 (quoting Okla. Stat. tit. 36 § 1250.5(7))]. Plaintiffs assert the two-year statute of limitations contained in section 1250.5(7) should apply to their breach of contract claim because Plaintiffs were unaware of the damage until inspection. [*Id.* at 5]. Plaintiffs request that the Court certify the question to the Oklahoma Supreme Court regarding the impact of section 1250.5(7) upon a limitations period such as the one in the Policy. [*Id.* at 6–7]. Plaintiffs argue that, even if the Court determines the one-year limitations applies to Plaintiffs' breach of contract claim, Defendant waived its ability to enforce the Policy's limitations "by continuing to investigate and adjust the claim well after one year from the date of loss had elapsed." [*Id.* at 7].

II.   **LEGAL STANDARDS**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under this standard, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth, and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

In addition to documents attached to the complaint itself, the Court may consider documents referenced in the complaint. "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Because Plaintiffs were proceeding pro se when they filed their petition, the Court must construe their pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.*

## III.   ANALYSIS

### A.   The limitations period in the Policy bars Plaintiffs' breach of contract claim.

Defendant argues the Court should dismiss Plaintiffs' breach of contract claim because the Policy contains a limitations period that bars Plaintiffs' claim. [Doc. No. *6 at 3–5]. The Court can address a limitations issue in a motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). The Policy contains a limitations period providing "[a]ny action by any party must be started within one year after the date of loss or damage."[4] [Doc. No. *6 at 4]. Plaintiffs' petition states the damage occurred on June 8, 2022. [Doc. No. *1-1 ¶ 9]. Plaintiffs filed this case in state court on June 7, 2024, almost two years after the damage occurred. [Doc. No. *1 ¶ 3; Doc. No. *1-1]. Plaintiffs, therefore, failed to file the case within the one-year limitations in the Policy, as demonstrated on the face of Plaintiffs' petition. [*See* Doc. No. *1-1 ¶ 9].

Plaintiffs, however, assert that the Court should not apply the Policy's one-year limitations in light of 36 Okla. Stat. § 1250.5(7), which was amended in 2022 and provides that "[a]ny policy that specifies a time limit covering damage to a roof due to wind or hail must allow the filing of claims after the first anniversary but no later than

---

[4] The Court may properly consider the Policy because it is a document Plaintiffs reference in their petition and is central to Plaintiffs' claims. [*See* Doc. No. *1-1 ¶ 10]. "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen*, 287 F.3d at 941.

twenty-four (24) months after the date of the loss, if the damage is not evident without inspection." [Doc. No. 14 at 5]. Plaintiffs argue that the terms of the Policy's limitations and section 1250.5(7) conflict. [*Id.* at 5–6].

The Court concludes that section 1250.5(7) does not conflict with the Policy's limitations period. Plaintiffs do not argue that the Policy's limitations provision is ambiguous. Instead, they argue the limitations period conflicts with section 1250.5(7). Oklahoma law requires property insurance policies to give at least a one-year period to bring "an action." 36 Okla. Stat. § 3617. The time period to bring an action begins on "the date of occurrence of the event resulting in the loss." *Id.* Accordingly, Oklahoma law expressly permits one-year limitations provisions in homeowner policies. "The Oklahoma Supreme Court construes legislative acts 'in such manner as to reconcile the different provisions and render them consistent and harmonious, and give intelligent effect to each.'" *Root v. State Farm Fire & Cas. Co.*, No. CIV-23-00870-PRW, 2024 WL 5239456, at *2 (W.D. Okla. Dec. 27, 2024) (quoting *Okla. Indep. Petroleum Ass'n v. Youngker*, 769 P.2d 109, 114 (Okla. 1988)). "Therefore, 'where parts of a statute reasonably are susceptible of a construction which will give effect to both, without doing violence to either, such construction should be adopted.'" *Id.* (quoting *Okla. Indep. Petroleum Ass'n*, 769 P.2d at 114). The Court construes section 1250.5(7) to apply to claims submitted by insureds, which are distinct from lawsuits, a result congruent with the other opinion of the Western District that has examined the interplay between sections 1250.5(7) and 3617, and with the purpose of the Oklahoma Unfair Claims

Settlement Practices Act. *See id.*; *see also* 36 Okla. Stat. § 1250.3 (explaining that the act applies to an insured's claim with an insurer).

The Court, therefore, concludes the Policy's limitations period bars Plaintiffs' breach of contract claim, which is apparent from the face of Plaintiffs' petition.

**B.     The Court declines to certify a question to the Oklahoma Supreme Court.**

Plaintiffs request that the Court certify a question to the Oklahoma Supreme Court regarding whether the Policy's limitations can apply in light of the recent amendment to section 1250.5(7). The Court will certify a question to the Oklahoma Supreme Court when the question (1) may be determinative of the case at hand and (2) is sufficiently novel that the Court is uncomfortable attempting to decide it without further guidance. *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). However, the Court will not certify every asserted, unsettled question under Oklahoma law to the Oklahoma Supreme Court. When the Court has a "reasonably clear and principled course, [it] will seek to follow it." *Id.* Although Plaintiffs' arguments regarding the interplay of the above two statutes may be novel, the Court does not have discomfort deciding the issue because the Court views the statutes as having clear meanings when applying their plain language—one statute (36 Okla. Stat. § 1250.5(7)) applies to claims submitted to an insurer and one statute (36 Okla. Stat. § 3617) applies to lawsuits. Accordingly, the Court declines to certify a question to the Oklahoma Supreme Court.

**C.     Waiver**

Plaintiffs argue that, even if the Court determines the Policy's limitations period applies to bar Plaintiffs' breach of contract claim, Defendant waived its ability to assert it. [Doc. No. 14 at 7–9]. Plaintiffs assert that Defendant cannot assert the limitations against them because Defendant handled Plaintiffs' claim entirely outside of the limitations period. [*Id.* at 8].

Oklahoma does recognize that an insurer can waive its ability to assert a limitations defense in certain circumstances. *See Zewdie v. Safeco Ins. Co. of Am.*, 304 F. Supp. 3d 1101, 1108 (W.D. Okla. 2018) (summarizing cases in which an insurer's conduct waived its ability to enforce a limitations period found within an insurance policy). However, the caselaw reveals that the basis for asserting an insurer's conduct amounted to waiver generally is that the insurer's own conduct interrupted the limitations period. *See id.* at 1108–09. Examples of conduct by the insurer that amount to waiver include situations where the insurer leads the insured to believe it will pay a claim, leading the insured to not file suit within the limitations period. *See id.* (summarizing the holdings in *Prudential Fire Ins. Co. v. TraveTaylor Co.*, 152 P.2d 273, 275 (1944) and its progeny as cases in which "the Oklahoma Supreme Court has repeatedly held that an insurer may waive a contractual limitations period imposed by an insurance policy if it leads the plaintiff by its conduct to believe the claim will be paid"). Courts have found waiver of the limitations period in other situations where the insurer has displayed "dilatory tactics." *Id.* at 1109 (describing the holding in *Ins. Co. of N. Am. v. Bd. of Ed. of Indep. Sch. Dist. No. 12*, 196 F.2d 901, 902 (10th Cir. 1952)). The Court does not

8

interpret the caselaw to support Plaintiffs' argument that mere negotiation of a claim outside the limitations period for a lawsuit can constitute waiver. Instead, the focus is upon whether the insurer's conduct caused the insured to be unable to initiate a lawsuit within the limitations period.

The Court does not view any of the factual allegations contained in Plaintiffs' petition to state that Defendant's conduct caused Plaintiffs to be unable to file their lawsuit within the limitations period. Plaintiffs' petition, on its face, does not state a breach of contract claim because it demonstrates Plaintiffs initiated their lawsuit outside the Policy's limitations period. The petition does not demonstrate facts that, if taken as true, constitute waiver of the limitations period by Defendant, nor have Plaintiffs sought leave to amend the petition to allege such facts. Accordingly, the Court grants Defendant's Motion and dismisses Plaintiffs' breach of contract claim.

## IV. CONCLUSION

For the reasons outlined above, the Court grants Defendant's Motion and dismisses Plaintiffs' breach of contract claim related to the alleged June 8, 2022, damage to Plaintiffs' property without prejudice.[5] The Court denies Plaintiffs' request to certify a question to the Oklahoma Supreme Court.

IT IS SO ORDERED this 13th day of March 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[5] This Order does not affect Plaintiffs' breach of contract claim relating to the alleged July 7, 2023, damage to their property.